THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE, *et al.*,

Plaintiffs,

v.

SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency, *et al.*,

Defendants.

CASE NO. C15-1342-JCC

ORDER

This matter comes before the Court on American Farm Bureau Federation, *et al.*'s ("Proposed Intervenors") motion to intervene as Defendants in this matter (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs challenge a 2015 Rule promulgated by the Environmental Protection Agency and the United States Army Corps of Engineers (collectively "the Agencies") defining the "waters of the United States" within the meaning of the Clean Waters Act ("CWA"). (Dkt. No. 33 at 2.) In 2017, the Agencies published a notice of proposed rulemaking proposing to repeal and replace the 2015 Rule. *See Definition of "Waters of the United States"–Recodification of*

*Pre-Existing Rules*, 82 Fed. Reg. 34,899 (July 27, 2017). On February 6, 2018, the Agencies amended the existing 2015 Rule to add an "applicability date" of February 6, 2020 to "provide continuity and certainty" for regulated parties while the Agencies considered possible revisions. *Definition of "Waters of the United States,"* 82 Fed. Reg. 55,542. The Court has stayed Plaintiffs' challenge to the 2015 Rule. (Dkt. No. 32.) Currently before the Court is the Plaintiffs' challenge to the 2017 amendment ("the Applicability Date Rule"). Proposed Intervenors seek to intervene as defendants to uphold that rule. (Dkt. No. 41 at 2–3.)[1]

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 24 provides for two methods of intervention: intervention by right and permissive intervention. Absent a statutory right to intervene, a party seeking to intervene as a matter of right must: (1) timely move to intervene; (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see* Fed. R. Civ. P. 24(a)(2).

A Court, in its discretion, may grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). The Court may consider factors including, (1) "the nature and extent of the intervenors' interest," (2) whether existing parties adequately represent those interests, (3) "the legal position [intervenors] seek to advance," and (4) "whether parties seeking intervention will significantly contribute to full development of the underlying factual

[1] Proposed Intervenors note that if the Court later lifts the stay of the 2015 Rule claims, a realignment of parties will be appropriate, as they are challenging the 2015 Rule in Texas, Georgia, and North Dakota. (Dkt. No. 41 at n.1.) The Court will address that issue if and when it arises.

issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

**B. Analysis**

The Court finds permissive intervention appropriate. Proposed intervenors seek to defend the Applicability Date Rule alongside Defendant agencies, addressing common questions of law and fact. Plaintiffs do not take a position on intervention. (Dkt. No. 48 at 2) However, they oppose any delay in the case scheduling order (Dkt. No. 35) and object to any arguments to uphold the challenged rule on grounds not invoked or relied upon by the Agencies. (*Id*.) (citing *SEC v. Chenery Corp*, 332 U.S. 194, 196 (1947). Proposed Intervenors will be held to the established case scheduling order.[2] The Court can address any legal objections Plaintiffs have to Proposed Intervenors' arguments when properly before it on a relevant motion. Thus, intervention will not unduly delay litigation or prejudice the original parties' rights.

Discretionary factors also favor permissive intervention. Proposed Intervenors have significant economic and litigation interests at stake. A ruling vacating the Applicability Date Rule could lead to costly compliance with regulatory requirements and impact Proposed Intervenors' litigation of parallel proceedings in multiple jurisdictions. (*See* Dkt. No. 41 at 9–10.) Although aligned on litigation of the Applicability Date Rule, Proposed Intervenors could be adverse to the Agencies in future litigation over the 2015 Rule, which could lead to divergent strategies or interests in this proceeding.

Therefore, the Court finds grounds to allow permissive intervention. As a result, the Court need not decide whether the elements of intervention by right are met.

**III. CONCLUSION**

For the foregoing reasons, Proposed Intervenors' motion to intervene (Dkt. No. 41) is

[2] The deadline to file an Answer has already passed. (Dkt. No. 35 at 2.) Proposed Intervenors shall file their Answer, as proposed with their motion to intervene, within seven (7) days of the issuance of this order.

GRANTED.

Intervenors must file their Answer within seven (7) days of the issuance of this order and must comply with all other case management dates.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE