THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, SIERRA CLUB, and IDAHO CONSERVATION LEAGUE,<br><br>                    Plaintiffs,<br><br>       v.<br><br>ANDREW WHEELER,[1] in his official capacity as Acting Administrator of the United States Environmental Protection Agency, and R.D. JAMES,[2] in his official capacity as Secretary of the Army for Civil Works,<br><br>                    Defendants. | Case No. 2:15-cv-01342-JCC<br><br>COMBINED REPLY TO DEFENDANTS' RESPONSE AND RESPONSE TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT |

---

[1] Please note that pursuant to Fed. R. Civ. P. 25(d)(1), Andrew Wheeler, Acting Administrator of the U.S. Environmental Protection Agency, is substituted for Scott Pruitt, who was substituted as a defendant for Gina McCarthy.

[2] Please note that pursuant to Fed. R. Civ. P. 25(d)(1), R.D. James, Secretary of the Army for Civil Works, is substituted as a defendant for Jo-Ellen Darcy.

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................................................1

    I.    THE APPLICABILITY DATE RULEMAKING IS ARBITRARY AND CAPRICIOUS ..........................................................................................................2

        A.    The Applicability Date Rule did not address or solicit comments on the merits of either the rule it suspended or the rule it reinstated ...........2

        B.    The Agencies did not provide a reasoned explanation for the Applicability Date Rule. ............................................................................4

    II.    THE AGENCIES' GENERAL RULEMAKING AUTHORITY UNDER THE CWA DOES NOT AUTHORIZE THE APPLICABILITY DATE RULE. ....................................................................................................................8

    III.    THE APPLICABILITY DATE RULE SHOULD BE VACATED. ........................9

CONCLUSION................................................................................................................................12

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                       **Page(s)**

*Air Alliance Houston v. EPA*,
    2018 WL 4000490 (D.C. Cir. Aug. 17, 2018) ................................................................. 4, 5, 6

*Becerra v. U.S. Dep't of Int.*,
    276 F. Supp.3d 953 (N.D. Cal. 2017) ................................................................................... 5

*Clean Air Council v. Pruitt*,
    862 F.3d 1 (D.C. Cir. 2017) ............................................................................................... 7, 8

*Ctr. for Food Safety v. Vilsack*,
    734 F. Supp. 2d 948 (N.D. Cal. 2010) ................................................................................ 11

*FCC v. Fox Television Stations*,
    556 U.S. 502 (2009) .......................................................................................................... 4, 5

*Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.*,
    109 F. Supp.3d 1238 (N.D. Cal. 2015) ........................................................................... 9, 11

*Louisiana Public Service Comm. v. FCC*,
    476 U.S. 355 (1986) ............................................................................................................. 9

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29 (1983) ............................................................................................................... 4

*N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*,
    702 F.3d 755 (4th Cir. 2012) ......................................................................................... 2, 3, 4

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*,
    894 F.3d 95 (2d Cir. 2018) ......................................................................................... 5, 8, 9

*Paulsen v. Daniels*,
    413 F.3d 999 (9th Cir. 2005) ............................................................................................... 9

*S.C. Coastal Conservation League v. Pruitt*,
    318 F. Supp.3d 959 (D. S.C. 2018) ..................................................................... 2, 6, 10, 11

*Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*,
    486 F.3d 638 (9th Cir. 2007) ............................................................................................. 10

*Sierra Club v. Zinke*,
    286 F. Supp. 3d 1054 (N.D. Cal. 2018) ........................................................................... 4, 8

*State v. U.S. Bureau of Land Mgt.*,
    277 F. Supp. 3d 1106 (N.D. Cal. 2017) ............................................................................... 5

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA 98104
(206) 343-7340

ii

**Statutes**

5 U.S.C. § 706(2) ............................................................................................................. 9

33 U.S.C. § 1361 ........................................................................................................... 8, 9

**Federal Regulation**

33 C.F.R. § 328.3 ............................................................................................................ 12

**Other Authorities**

79 Fed. Reg. 22,188 (Apr. 21, 2014) ................................................................................ 4

80 Fed. Reg. 37,054 (June 29, 2015) ........................................................................ 3, 4, 7

82 Fed. Reg. 55,542 (Nov. 22, 2017) ............................................................................... 3

83 Fed. Reg. 5,200 (Feb. 6, 2018) .................................................................................... 6

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

iii

# INTRODUCTION

Plaintiffs have requested that this Court vacate the Applicability Date Rule, which delayed the 2015 Clean Water Rule ("2015 Rule") and its protections of waters of the United States for two years. The Applicability Date Rule is arbitrary and capricious under the Administrative Procedure Act ("APA") because it was finalized in a shell of a rulemaking that did not address or solicit comment on how the delay of the 2015 Rule affects water protections, and because it did not include a reasoned explanation for the action. Plaintiffs have also sought vacatur of the rule because neither the Clean Water Act ("CWA") nor the APA authorize delays of final rules after they have already gone into effect.

The U.S. Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers (collectively "Agencies") do not dispute that they failed to address the merits of either the 2015 Rule or of the pre-2015 regulatory regime. The Agencies nonetheless argue they "comprehensively considered the problem" because they sought comment on whether they should delay the 2015 Rule. Defs. Br. at 19-20. This circular reasoning must fail.

The Agencies mischaracterize the Applicability Date Rule as a simple temporary measure designed to create administrative uniformity while the Agencies simultaneously do the real work of repealing and replacing the 2015 Rule in other rulemakings. But this ignores the reality that the APA applies to this rulemaking just as fully as it does to any other. The Agencies cannot bootstrap their future planned consideration of the merits of the problem in other rulemakings into the Applicability Date rulemaking. To do so would make a mockery of the APA's fundamental requirements of notice and comment. Because the Agencies limited their inquiry to the perceived administrative convenience of their policy choice and unequivocally failed to address or invite comment on the merits of that choice, and because the Agencies did not have

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                     1

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

statutory authority for their action, the Applicability Date Rule must be vacated.

## I. THE APPLICABILITY DATE RULEMAKING IS ARBITRARY AND CAPRICIOUS.

The Applicability Date Rule had immediate on-the-ground effects for the public because it changed the way regulators determine which waters are protected under the CWA. Yet, the Agencies utterly failed to consider these impacts, or provide any other reasoned explanation.

### A. The Applicability Date Rule did not address or solicit comments on the merits of either the rule it suspended or the rule it reinstated.

Like the U.S. District Court for the District of South Carolina, this Court should vacate the Applicability Date Rule under the APA because the Agencies did not address or solicit comments on either the 2015 Rule or the pre-2015 regulatory regime. *See S.C. Coastal Conservation League v. Pruitt*, 318 F. Supp.3d 959 (D. S.C. 2018) (Order in Related Case, Dkt. No. 54-1). In its recent vacatur of the rule, the South Carolina court reasoned that the Agencies did not provide a real opportunity for the public to comment, as required by section 553 of the APA, because they prohibited comments on the merits of the policy choice before the Agencies. *Id*. at 963-67. As the court observed: "An illusory opportunity to comment is no opportunity at all." *Id*. at 966. The South Carolina court found that this case is "almost factually indistinguishable" from *N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*, a case in which the Fourth Circuit invalidated the Obama administration's nine-month suspension of a Bush administration rule and reinstatement of the prior regulations, without considering the merits of either regulatory scheme. *Id*. at 964 (citing *N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*, 702 F.3d 755 (4th Cir. 2012)).

The Agencies attempt to distinguish *N. Carolina Growers' Ass'n* on the grounds that in that case "the agency's own reasoning for suspending the regulation made the regulation's merits 'integral' to the suspension decision." Defs. Br. at 18. However, the merits of the "waters of the

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

U.S." regulations are no less integral to the suspension decision in this case than the regulations in the *N. Carolina Growers' Ass'n* case were for that suspension decision. The Fourth Circuit explained that the Department of Labor suspended the Bush rule due to alleged difficulties in implementing and operating the new program; however, by refusing comments on the merits, the agency was unable to analyze whether the Bush rule was more or less efficient to operate than the pre-Bush rule, effectively thwarting an analysis of the very reason the agency gave for suspending the rule. *N. Carolina Growers' Ass'n*, 702 F.3d at 769-70. The same is true here.

The Agencies stated in their Federal Register notice that they needed to add a new applicability date because of "possible inconsistencies, uncertainty, and confusion" that would ensue if the 2015 Rule went back into effect. 82 Fed. Reg. 55,542, 55,543 (proposed Nov. 22, 2017). However, by only accepting comment on whether an applicability date should be added and on the proper length of the period of inapplicability, *id*. at 55,544, the Agencies turned away potential comments that would have allowed them to analyze the relative ease of making jurisdictional determinations under the clearer 2015 Rule, compared with the pre-2015 regime, and how the process under each regulatory scheme would affect the protection of waters under the CWA. The Agencies solicited comments on only the purported need for *administrative* consistency, without any discussion or consideration of comments on the loss of the *substantive* consistency provided in the 2015 Rule. *See* 82 Fed. Reg. at 55,544 (only accepting comments on whether an applicability date should be added, the length of inapplicability, and whether an inapplicability period would "contribute[] to regulatory certainty"); *cf*. 80 Fed. Reg. 37,054, 37,058 (June 29, 2015) (stating that the 2015 Rule "makes the process of identifying waters protected under the CWA easier to understand," and "more predictable"). By prohibiting comments on the 2015 Rule and pre-2015 regime, the Agencies ignored an integral part of the

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                       3

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

suspension decision and an "important aspect of the problem." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

The Agencies also attempt to distinguish *N. Carolina Growers' Ass'n* on the grounds that the suspension in that case undermined the expectations of parties who had made decisions based on the suspended regulation. Defs. Br. at 18-19. The Agencies thus assume, without any support, that because the 2015 Rule is enjoined in some states, no entities have made preparations or decisions based on the 2015 Rule. This assumption cannot be correct because the 2015 Rule is currently in effect in many states throughout the country, just as it was when it originally went into effect in 2015. The Agencies also spent four years developing the 2015 Rule and gathering input from stakeholders, including a three-month public comment period followed by an almost year-long period between the end of the comment period and the publication of the final rule. *See* 79 Fed. Reg. 22,188 (Apr. 21, 2014); 80 Fed. Reg. 37,054 (June 29, 2015). Therefore, stakeholders knew about the possibility of the 2015 Rule well in advance of its publication, and it is implausible that they would not have made any plans or decisions based on the 2015 Rule.

  B. <u>The Agencies did not provide a reasoned explanation for the Applicability Date Rule.</u>

In addition to the South Carolina court's decision on the Applicability Date Rule, many other federal courts have recently reiterated that delay rulemakings must fully comply with notice and comment procedures under the APA, including the requirement that an agency "'examine the relevant data and articulate a satisfactory explanation for its action,'" *FCC v. Fox Television Stations*, 556 U.S. 502, 513 (2009) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). *See Air Alliance Houston v. EPA*, 2018 WL 4000490, at *13 (D.C. Cir. Aug. 17, 2018) (finding arbitrary and capricious a delay rule that changed the effective date of a rule without providing a reasoned explanation as required by *Fox*); *Sierra Club v. Zinke*, 286 F. Supp. 3d

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)   4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

1054, 1065-68 (N.D. Cal. 2018) (holding that a suspension rule was likely arbitrary and capricious for failing to provide a supported, reasoned analysis as required by *Fox*); *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 115 (2d Cir. 2018) (holding that a suspension rule violated the APA for failing to comply with notice and comment); *Becerra v. U.S. Dep't of Int.*, 276 F. Supp.3d 953, 966 (N.D. Cal. 2017) (finding the government violated the APA when it postponed a final rule without complying with notice and comment); *State v. U.S. Bureau of Land Mgt.*, 277 F. Supp. 3d 1106, 1120-21 (N.D. Cal. 2017) (same). Indeed, "the policy underlying the statutory requirement of notice-and-comment is equally applicable to the repeal of regulations as to their adoption." *U.S. Bureau of Land Mgt.*, 277 F. Supp. 3d at 1121.

In a case that is similar to the one at bar, the Court of Appeals for the District of Columbia recently vacated EPA's delay of the "Chemical Disaster Rule" for failing to provide a reasoned and substantive explanation for the delay, stating:

> The Delay Rule does not explain its departure from EPA's previous conclusions regarding the appropriate and practicable timeline for implementing the Chemical Disaster Rule. Nor does it explain why the detailed factual findings regarding the harm that would be prevented upon implementation of the Chemical Disaster Rule are now only "speculative," or why the entire rule must be delayed wholesale despite its many different provisions with different effective and compliance dates. Although EPA need not show that "the reasons for the new policy are *better* than the reasons for the old one," it must provide "a reasoned explanation . . . for disregarding facts and circumstances that underlay or were engendered by the prior policy." EPA has not done so.

*See Air Alliance Houston*, 2018 WL 4000490, at *13 (internal citations omitted). In this rulemaking, the Agencies likewise failed to explain why they wholly abandoned the 2015 Rule's findings. The Agencies did not analyze any of the relevant data, address any of their prior detailed factual findings, or include a single non-circular explanation for their action.

The Agencies admit that they had an obligation to express "good reasons" for their policy choice, "examine the relevant data," and "articulate a satisfactory explanation" for their decision.

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    5

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

Defs. Br. at 11, 16. Yet, they illogically argue they complied with these duties by providing one reason for the Applicability Date Rule: the desire to maintain administrative consistency. In their brief, the Agencies offer three rationalizations that imply they were effectively compelled to take this action in order to maintain administrative consistency. Defs. Br. at 14-16. However, the Agencies faced a situation that was partially of their own making. Taking their arguments in turn, none redeem the Agencies' insufficient explanation under the APA.

First, the Sixth Circuit's temporary court-ordered stay of the 2015 Rule was not the "status quo" in need of preservation, as the Agencies suggest. Defs. Br. at 14, 20. As the Court of Appeals for the District of Columbia Circuit recently found when vacating a similar EPA delay of an Obama-era final rule: "the baseline for measuring the impact of a change or rescission of a final rule is the requirements of the rule itself, not the world as it would have been had the rule never been promulgated." *Air Alliance Houston*, 2018 WL 4000490, at *13. The Applicability Date Rule wholly sets aside the baseline of the 2015 Rule and replaces it with the pre-2015 regime. *See* 83 Fed. Reg. 5,200 (Feb. 6, 2018). As the South Carolina court observed, "[t]he definition of 'Waters of the United States' is drastically different under these two regulations." *See S.C. Coastal Conservation League*, 318 F. Supp.3d at 965. Therefore, this is not a mere date change. The Agencies' suspension of the rule they spent years developing, and replacement of that rule with the prior regime, can only be described as a reversal of policy and the status quo.

Second, the Agencies cannot credibly claim they had no option of supporting a nationwide application of the 2015 Rule when they are themselves choosing not to defend the 2015 Rule. Defs. Br. at 16. In this way, the Agencies are contributing to the patchwork regulatory regime they are now using to justify the Applicability Date Rule.

Third, the Agencies' suspension of the clearer 2015 Rule definitions for the purported

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

reason of ensuring *administrative* consistency was not consistent with the 2015 Rule findings regarding the need for *substantive* consistency in how jurisdictional determinations are made. Defs. Br. at 16. In reality, the Applicability Date Rule traded the substantive consistency of the 2015 Rule for the substantive inconsistency of the pre-2015 regime. Under either regulatory scheme, there was the inevitable possibility of temporary administrative inconsistency due to court stays or injunctions. Moreover, the Agencies' specific argument that their Applicability Date Rule findings of no harm[3] were consistent with the 2015 Rule's finding that it would not significantly expand the scope of CWA jurisdiction over waters of the U.S., *id*., is also mistaken. Stated another way, the Agencies suggest that because the 2015 Rule had no meaningful effect or benefit, the loss of that rule is harmless. This assertion ignores the Agencies' extensive explanation of the benefits of the 2015 Rule in their 2015 notice – benefits that the Applicability Date Rule eliminates without discussion. *See* 80 Fed. Reg. at 37,055 (summarizing the 2015 Rule benefits as: "mak[ing] the process of identifying waters protected under the CWA easier to understand, more predictable, and consistent with the law and peer-reviewed science, while protecting the streams and wetlands that form the foundation of our nation's water resources").

Finally, the Agencies' argument that they are excused from considering substantive issues associated with the 2015 Rule because they are planning to address them in separate rulemakings, Defs. Br. at 17-18, is incorrect under the case law. Contrary to the Agencies' assertion, in *Clean Air Council v. Pruitt* the U.S. Court of Appeals for the District of Columbia Circuit did not sanction delay rulemakings that do not address the merits of the rules, provided there is a separate consideration of the merits in another rulemaking. Instead, that court held that

---

[3] Without citation, the Agencies claim they made a "conclusion" that the Applicability Date Rule will not harm the public. Defs. Br. at 16. However, the Agencies did not actually make this assertion in the Applicability Date Rule, as they did not discuss the merits, including the potential for harm to waters of the U.S.

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    7

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

EPA had no statutory or inherent authority to delay a rule while it reconsidered it, and further held that EPA's stay of the rule during the reconsideration process was arbitrary and capricious. *Clean Air Council v. Pruitt*, 862 F.3d 1, 14 (D.C. Cir. 2017). The fact that the court also recognized EPA's authority to conduct a broad, substantive reconsideration of the rule that is supported by "good reasons," *id*., in no way sanctions a delay rulemaking that ignores the substance of the policy choices. In a similar recent case, the District Court for the Northern District of California also refused to conflate a delay rulemaking with a future replacement rulemaking and stated that an agency "cannot use the purported proposed future revision, which has yet to be passed, as a justification for the Suspension Rule." *Zinke*, 286 F. Supp. 3d at 1064.

II.  **THE AGENCIES' GENERAL RULEMAKING AUTHORITY UNDER THE CWA DOES NOT AUTHORIZE THE APPLICABILITY DATE RULE.**

The Agencies lack statutory authority for the Applicability Date Rule. They have identified no statutory provision that allows them to delay the effective dates of already effective rules under the CWA, instead relying solely on their general CWA rulemaking authority, 33 U.S.C. § 1361. The Agencies now argue that they "routinely delay compliance dates and effective dates" while they reconsider rules, suggesting there is nothing unusual about this rulemaking. Defs. Br. at 11. But "a decision to reconsider a rule does not simultaneously convey authority to indefinitely delay the existing rule pending that reconsideration." *Nat. Res. Def. Council*, 894 F.3d at 111–12. Moreover, while agencies may sometimes delay effective dates before they have passed, there is nothing routine about a delay of a rule *after* it has already become fully effective.[4] The Agencies' unusual decision to add an entirely new "applicability date" to a definitional rule that was fully

---

[4] *See, e.g*., National Archives and Records Administration, Document Drafting Handbook at 3-10 (Aug. 2018), https://www.archives.gov/files/federal-register/write/handbook/ddh.pdf (directing federal agencies that they "may only Delay effective dates that have not yet taken place.").

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    8

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA 98104
*(206) 343-7340*

effective and had no applicability or compliance date, is likely explained by the Agencies' inability to lawfully "delay" an effective date that has already passed. The Agencies certainly would have statutory authority to repeal a promulgated rule through a substantive rulemaking that complies with the APA. However, "an administrative agency [i]s a 'creature of statute, having no constitutional or common law existence or authority, but *only* those authorities conferred upon it by Congress.'" *Nat. Res. Def. Council*, 894 F.3d at 108 (quoting *Atlantic City Elec. Co. v. FERC*, 295 F.3d 1, 8 (D.C. Cir. 2002)). The Agencies' general authority to promulgate rules under the CWA that are necessary to "carry out . . . functions under the Act," 33 U.S.C. § 1361, cannot be construed to allow the administrative contortion in this case, if the congressional conferral of agency authority is to retain its meaning. *See Louisiana Public Service Comm. v. FCC*, 476 U.S. 355, 374 (1986) (noting that agencies cannot act unless Congress has given them the power to act).

III.   THE APPLICABILITY DATE RULE SHOULD BE VACATED.

When a court finds that a rule was promulgated in violation of the APA, the standard remedy is vacatur. 5 U.S.C. § 706(2) (directing agencies to "set aside" agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *see also Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, 109 F. Supp.3d 1238, 1241 (N.D. Cal. 2015) (noting that the ordinary remedy under the APA for an unlawful agency action is vacatur); *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) (noting same); *cf. Klamath-Siskiyou Wildlands Center*, 109 F. Supp.3d at 1242 (noting that although vacatur is the ordinary remedy under the APA, a court may, "in rare circumstances" choose not to vacate a flawed agency action if the court undertakes an equitable balancing analysis of two factors: "(1) the seriousness of an agency's errors and (2) the disruptive consequences that would result from

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                                    9

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

vacatur" and finds that "vacatur would cause serious and irremediable harms that significantly outweigh the magnitude of the agency's error").

In this case, vacatur is the only appropriate remedy. The Agencies attempt to muddy the waters by arguing that "nationwide" vacatur is inappropriate, citing numerous cases that all address the merits of a nationwide *injunction*. Defs. Br. at 22-23. However, injunctive relief is not at issue in this summary judgment proceeding. Unlike for injunctive relief, there is no potential decision regarding the geographic scope of a vacatur order, because the term "vacate" simply means to "set aside" the agency action. *See Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*, 486 F.3d 638, 654–55 (9th Cir. 2007) ("Under the APA, the normal remedy for an unlawful agency action is to 'set aside' the action . . . In other words, a court should 'vacate the agency's action . . . .'") (quoting *Defenders of Wildlife v. EPA*, 420 F.3d 946, 978 (9th Cir.2005)), *overruled on other grounds*. The scope of a vacatur order is necessarily the same as the scope of the agency action itself. Therefore, if a nationwide agency action such as the applicability date rule is vacated, that vacatur would of course have nationwide effects.

The Agencies and Intervenors also point to the recent District of South Carolina decision vacating the Applicability Date Rule as evidence that this Court should decline to issue nationwide relief. The industry intervenors in that case, as well as the industry Intervenors in this case, have characterized that court's order as a nationwide injunction, Intervenors Br. at 7, even though the decision was on summary judgment, the plaintiffs requested vacatur in their complaint and throughout summary judgment proceedings, and the court stated in its opinion that it "vacates" the rule. *S.C. Coastal Conservation League*, 318 F. Supp.3d at 967. The Agencies also assert that "plaintiffs in that case have since acknowledged that a nationwide injunction of the Applicability Rule is not appropriate." Defs. Br. at 7. This statement is disingenuous at best.

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    10

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

The Agencies reference a "Motion for Clarification and Reconsideration" filed by the plaintiffs in the South Carolina case, in which they discuss the court's use of the term "vacate," but also the absence of that term in the order section of the opinion. *S.C. Coastal Conservation League*, No. 2:18-cv-330, Dkt. No. 72 (D. S. C. Aug. 23, 2018). In the motion, the plaintiffs ask the court to clarify that it did not intend to enjoin the Applicability Date Rule, but rather vacate the rule, albeit with the same effect of a nationwide setting aside of the rule.[5] *Id*.

As in the South Carolina case, it is advantageous for the Agencies and Intervenors to introduce the idea of injunctive relief in this case because the standard for injunctive relief is a four-part test with a relatively high bar for nationwide relief. In contrast, vacatur carries no geographic decision, and is the default relief for a violation of the APA that should only be avoided in "rare" cases in which vacatur would cause "serious and irremediable harms that significantly outweigh the magnitude of the agency's error."[6] *Klamath-Siskiyou Wildlands Center*, 109 F. Supp.3d at 1242. Plaintiffs have only requested vacatur, and vacatur is the only appropriate remedy for this proceeding, regardless of any misunderstanding in another court.

Furthermore, the limited exception to the standard vacatur remedy in the Ninth Circuit for cases where "irreparable environmental injury" would occur, does not apply here. *Ctr. for Food Safety v. Vilsack*, 734 F. Supp. 2d 948, 951 (N.D. Cal. 2010) (characterizing a remand without vacatur under the APA as a "limited circumstance[]" in the Ninth Circuit for "serious irreparable environmental injury" and citing a case where a species was at risk of going extinct as an example of such an exception); *Klamath-Siskiyou Wildlands Center*, 109 F. Supp.3d at

---

[5] To Plaintiffs' knowledge, the District Court for the District of South Carolina has not yet ruled on this motion.

[6] To be clear, the Agencies' attempt to limit the geographic scope of vacatur by arguing that Plaintiffs do not have standing declarants from all fifty states and that the declarants only have interests in their own "regional waters," Defs. Br. at 23, is a red herring and irrelevant to the standard of vacatur.

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    11

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

1242.[7] Intervenors' claims of "massive disruption," and uncertainty if the 2015 Rule stays in effect, Intervenors Br. at 23-24, are dubious at best, as the 2015 Rule replaced unclear definitions for which waters are covered by the CWA with much clearer ones. *See, e.g.*, 33 C.F.R. § 328.3 (version effective until Aug. 28, 2015); *cf.* 33 C.F.R. § 328.3 (version effective Aug. 28, 2015) (both regulating and defining terms such as "adjacent" waters, the former with substantially less clear language).[8] The implementation of the 2015 Rule with its new categorical delineations of which waters are covered by the CWA and which are not, is far from a calamitous situation.

Finally, the Agencies' suggestion that no relief is warranted in this case because the South Carolina court recently vacated the Applicability Date Rule is illogical and, again, cites case law addressing the injunction standard. Defs. Br. at 21. There is no exception to vacatur for cases where another court has separately made a similar decision, and such a standard would make no sense given the possibility of appeals and reversals of other court decisions. Indeed, the Agencies explicitly state that they have already appealed the South Carolina court's opinion. Defs. Br. at 7, 22. Therefore, the South Carolina court's decision should have no bearing on this Court's own assessment of the proper remedy in this case.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their motion for summary judgment, declare that the Applicability Date Rule is arbitrary and capricious under the APA and *ultra vires*, and vacate the Applicability Date Rule.

---

[7] The Agencies' citation to a somewhat more forgiving standard of remand without vacatur, when there is a "serious possibility . . . [that] vacating would be 'disruptive,'" is inapplicable here because it is from the Fifth Circuit. Defs. Br. at 22. Intervenors, too, cite various standards and characterizations of the vacatur standard from several different circuits, none of which are the Ninth Circuit. Intervenors Br. at 20-21.

[8] Intervenors' lengthy discussion of the merits of the 2015 Rule, Intervenors Br. at 9-20, is irrelevant to the claims that are ripe for summary judgment in this case. *See* Order (Dkt. No. 32) (staying Plaintiffs' claims against the 2015 Clean Water Rule).

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    12

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

Respectfully submitted this 28th day of September, 2018.

*anna M. Sewell*

Anna Sewell, WSB # 48736
EARTHJUSTICE
1625 Massachusetts Avenue, NW, Suite 702
Washington, D.C. 20036
(202)667-5233
asewell@earthjustice.org

Janette K. Brimmer, WSBA # 41271
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
jbrimmer@earthjustice.org

Jennifer Chavez
(*Admitted Pro Hac Vice*)
EARTHJUSTICE
1625 Massachusetts Avenue, NW, Suite 702
Washington, D.C. 20036
(202) 667-4500
jchavez@earthjustice.org

*Counsel for Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League*

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)      13

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Anna M. Sewell*
Anna M. Sewell

COMBINED REPLY TO DEFENDANTS' RESPONSE AND
RESPONSE TO DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT
(No. 2:15-cv-01342-JCC)                    14

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*