THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, SIERRA CLUB, and IDAHO CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WHEELER,[1] in his official capacity as Acting Administrator of the United States Environmental Protection Agency, and R.D. JAMES,[2] in his official capacity as Secretary of the Army for Civil Works,<br><br>Defendants. | CASE NO. C15-1342-JCC<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court *sua sponte*. Having reviewed the summary judgment briefing of Plaintiffs (Dkt. Nos. 67, 83), Intervenors (Dkt. Nos. 72, 86), and Defendants (Dkt. Nos. 79, 87), the Court hereby ORDERS the parties to submit additional briefing addressing several issues, including why the Court should not stay this case.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Andrew Wheeler, Acting Administrator of the U.S. Environmental Protection Agency, is substituted for Scott Pruitt, who was substituted as a defendant for Gina McCarthy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d)(1), R.D. James, Secretary of the Army for Civil Works, is substituted as a defendant for Jo-Ellen Darcy.

ORDER REQUESTING ADDITIONAL BRIEFING
C15-1342-JCC
PAGE - 1

# I. BACKGROUND

## A. The Clean Water Act

The Clean Water Act of 1972 (the "CWA"), 33 U.S.C. §§ 1251–388, prohibits the discharge of pollutants into "navigable waters" absent compliance with the CWA's permitting requirements and other pollution prevention programs. 33 U.S.C. § 1311(a). Such programs include the § 404 National Pollutant Discharge Elimination System; the § 404 permitting program for discharges of dredged or fill material; and the § 311 oil spill prevention and response programs. *See* 33 U.S.C. §§ 1321, 1342, 1344.

"Navigable waters" is defined as "the waters of the United States, including the territorial seas" ("WOTUS"). *See* 33 U.S.C. §§ 1251, 1321, 1342, 1344, 1362(7). Waste treatment systems were excluded from the definition of WOTUS, and following a notice-and-comment period, a 1980 rulemaking clarified the application of this exclusion as "only to manmade bodies of water which neither were originally created in waters of the United States (such as a disposal area in wetlands) nor resulted from the impoundment of waters of the United States." Consolidated CWA Permit Regulations, 45 Fed. Reg. 33,290, 33,424 (May 19, 1980) (to be codified at 40 C.F.R pt. 122). This provision was intended to prevent polluters from using the waste treatment exclusion as a means of impounding WOTUS for waste disposal purposes. (Dkt. No. 33 at 9.) However, two months later, the U.S. Environmental Protection Agency (the "EPA") suspended the limiting language (the "suspension") without notice-and-comment in response to industry concerns, stating that "EPA intends promptly to develop a revised definition and to publish it as a proposed rule for public comment. At the conclusion of that rulemaking, EPA will amend the rule, or terminate the suspension." Consolidated Permit Regulations, 45 Fed. Reg. 48,620, 48,620 (July 21, 1980) (to be codified at 40 C.F.R pt. 122).

In 1983, the EPA continued the suspension. CWA Environmental Permit Regulations, 48 Fed. Reg. 14,146, 14,157 n.1 (Apr. 1, 1983) (40 C.F.R. § 122.2). In 1984, the EPA issued a proposed waste treatment system exclusion, which was finalized in 1988 following a notice-and-

comment period. CWA § 404 Program Definitions and Permit Exemptions, 53 Fed. Reg. 20764, 20764 (June 6, 1988) (to be codified at 40 C.F.R. pt. 232). In 1986, the Army Corps of Engineers (the "Corps") published an updated WOTUS definition that maintained the suspension. Final Rule for Regulatory Programs of the Corps, 51 Fed. Reg. 41206, 41,250 (Nov. 13, 1986) (33 C.F.R. § 328.3).

### B. 2015 Final Rule

In 2014, Defendants proposed a revised WOTUS definition with "no change to the exclusion for waste treatment systems . . . ." Definition of WOTUS under the CWA, 79 Fed. Reg. 22,188, 22,189 (Apr. 21, 2014) (to be codified at 40 C.F.R. pt. 122). Defendants specified that they "[did] not seek comment on [the suspension]" because they did not intend to change it. *Id.* at 22,190. Plaintiffs submitted comments on the revisions. (*See* Dkt. Nos. 67-1, 67-2.) Defendants did not consider comments regarding the suspension because those comments were "outside the scope of the proposed rule." CWA: Definition of WOTUS, 80 Fed. Reg. 37,054, 37,097 (June 29, 2015) (to be codified at 40 C.F.R. pt. 122). On June 29, 2015, Defendants promulgated the "Clean Water Rule: Definition of 'Waters of the United States'" (the "2015 Final Rule"), which included, among other revisions, a renewal of the suspension. *See id.* at 37,114. The 2015 Final Rule also defines three categories of waters: (1) waters that are "jurisdictional-by-rule," which are categorically included in the definition of WOTUS and are thus protected under the CWA; (2) waters that are protected for having a "significant nexus" to jurisdictional waters; and (3) waters that are categorically excluded from the definition of WOTUS, including those within the waste treatment system exclusion. 80 Fed. Reg. at 37,058–59.

### C. Procedural History

On August 20, 2015, Plaintiffs sued Defendants, alleging that Defendants violated the terms of the CWA when they enacted the 2015 Final Rule. (Dkt. No. 1 at 16–17.) Plaintiffs also allege that the 2015 Final Rule is arbitrary and capricious under the Administrative Procedure

Act (APA), 5 U.S.C. §§ 701–06, and that Defendants' failure to address the suspension constitutes an unlawfully withheld or unreasonably delayed agency action in violation of the APA. (*Id.* at 18–19.) Plaintiffs allege that they and their members "are harmed by provisions in the [2015] Final Rule that deprive certain waters of the protections afforded under CWA programs, increasing the potential for pollution and other adverse harm to waters that Plaintiffs and their members use and enjoy and work to protect." (*Id.* at 3.)

On May 1, 2018, Plaintiffs amended their complaint, adding a challenge to a second final rule, 82 Fed. Reg. 55,542 (Nov. 22, 2017) (the "Applicability Date Rule"), promulgated by the EPA and the Corps. (Dkt. No. 33 at 19–21, 24–25.) Plaintiffs alleged that Defendants lacked statutory authority to promulgate the Applicability Date Rule, and that the Applicability Date Rule was arbitrary and capricious under the APA. (*Id.* at 24–25.) Intervenors, a number of industry groups, were granted leave to intervene. (*See* Dkt. Nos. 41, 50.) On November 26, 2018, after Plaintiffs moved for summary judgment, the Court ultimately vacated the Applicability Date Rule nationwide. (*See* Dkt. No. 61.)

### D. Pending Summary Judgment Motions

On April 4, 2019, Plaintiffs filed a second motion for summary judgment, asserting that the waste treatment system exclusion and continued suspension of its limiting language in the 2015 Final Rule is illegal because it contravenes statutory authority and congressional intent, it is arbitrary and capricious, and was carried out without the APA's mandatory notice-and-comment period. (Dkt. No. 67 at 10–17.) Plaintiffs seek a declaratory ruling and permanent injunction halting the enforcement of the waste treatment system exclusion until Defendants complete a legal rulemaking. (*Id.* at 18.)

Intervenors filed a cross-motion for summary judgment, alleging that Plaintiffs lack standing, their claims are time-barred, their claims will soon be moot, and their claims lack merit. (Dkt. No. 72 at 2.) Defendants filed a cross-motion for summary judgment, alleging that Plaintiffs have not shown standing and that their claims are time-barred and meritless. (*See* Dkt.

No. 79 at 7–8.)

### E. Mootness Question

Intervenors claim that Plaintiffs' claims will soon become moot because the EPA and the Corps proposed a rule to repeal the 2015 Final Rule ("proposed repeal rule"), which is expected to be finalized in August 2019. (Dkt. No. 72 at 4, 12); *see* Definition of WOTUS—Recodification of Preexisting Rule, 83 Fed. Reg. 32227 (July 12, 2018) (to be codified at 40 C.F.R. pt. 122). The EPA and the Corps held a public comment period for the proposed repeal rule. (Dkt. No. 72 at 4, 12.) The proposed repeal rule would restore regulations "to their pre-2015 form, complete with the original waste treatment system provision that has neither changed nor been challenged for 40 years and is not the subject of this suit." (*Id.*) Additionally, Intervenors argue that Plaintiffs' claims will be "doubly moot" because the agencies have proposed a rule to revise the WOTUS definition, invited comments on the proposed rule, and are expected to finalize the rule in December 2019. (*Id.* at 4, 12, 19.) Plaintiffs commented on the proposed WOTUS revision. (*See id.* at 12, 19; *see also* Dkt. No. 73-12.) Neither Plaintiffs nor Defendants addressed the issue of mootness in their summary judgment briefing. (*See generally* Dkt. Nos. 67, 79, 83, 87.)

## II. DISCUSSION

The Court hereby ORDERS the parties to submit additional briefing to address the following questions. First, the parties must explain the proposed repeal rule and define the resulting pre-2015 rule. Second, the parties must explain the impact of the recodification of the pre-2015 rule on the statute of limitations regarding Plaintiffs' waste treatment system exemption claims. Third, the parties must explain the impacts of: (1) the proposed repeal rule; and (2) the proposed WOTUS definition revision on (a) the lawsuit as a whole, and (b) Plaintiffs' pending summary judgment motion and requests for (i) declaratory relief and (ii) injunctive relief. Fourth, the parties must explain why the Court should not stay this case pending the anticipated finalization of the proposed repeal rule in August 2019.

## III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS the parties to submit additional briefing addressing the questions set forth above no later than Friday, August 2, 2019. Each party's briefing shall not exceed eight (8) pages. If the parties fail to respond, the Court shall stay the case.

DATED this 24th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE