1
2
3
4
5
6
7
8

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

PUGET SOUNDKEEPER ALLIANCE, et al.,

No. 2:15-cv-01342-JCC

10

Plaintiffs,

11

v.

12

ANDREW WHEELER, et al.,

13

Defendants,

14

and

15

AMERICAN FARM BUREAU FEDERATION;
AMERICAN FOREST & PAPER

16

ASSOCIATION; AMERICAN PETROLEUM
INSTITUTE; AMERICAN ROAD AND

17

TRANSPORTATION BUILDERS
ASSOCIATION; LEADING BUILDERS OF

18

AMERICA; NATIONAL ALLIANCE OF
FOREST OWNERS; NATIONAL

19

ASSOCIATION OF HOME BUILDERS;
NATIONAL ASSOCIATION OF

20

MANUFACTURERS; NATIONAL
CATTLEMEN'S BEEF ASSOCIATION;

21

NATIONAL CORN GROWERS
ASSOCIATION; NATIONAL MINING

22

ASSOCIATION; NATIONAL PORK
PRODUCERS COUNCIL; NATIONAL

23

STONE, SAND AND GRAVEL
ASSOCIATION; PUBLIC LANDS COUNCIL;

24

and U.S. POULTRY & EGG ASSOCIATION,

25

Intervenor-Defendants.

26

**INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR
ADDITIONAL BRIEFING
REGARDING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT,
INTERVENORS' CROSS MOTION
FOR SUMMARY JUDGMENT, AND
DEFENDANTS' CROSS MOTION
FOR SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR:
August 9, 2019**

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## INTRODUCTION[1]

As the Court's briefing order recognizes, it is anticipated that two proposed rulemakings will repeal and replace the 2015 Waters of the United States ("WOTUS") Rule ("2015 Rule"). Dkt. 88. Those pending rulemakings mean that Plaintiffs' challenge to the Waste Treatment System (WTS) exclusion as contained in the 2015 Rule is a waste of judicial resources.

Plaintiffs' challenge is tethered to the administrative record behind the 2015 Rule. It is based on the assertion that the rulemaking purportedly "permanently" codified without notice and comment a decades-old suspension of language that for a couple of months in 1980 limited the scope of the exclusion, and that this "permanent" codification injures Plaintiffs and reopens the exclusion to challenge. On that basis, Plaintiffs claim that the WTS exclusion is unlawful, lacks reasoned explanation, and results from a procedurally deficient rulemaking. But the administrative record for the 2015 Rule will soon be swapped for another. It makes little sense to overlook the serious statute of limitations and standing concerns implicated by Plaintiffs' challenge so as to address Administrative Procedure Act ("APA") challenges based on a record that will soon be superseded.

## ANSWERS TO ADDITIONAL BRIEFING QUESTIONS

### 1.    The Proposed Repeal Rule and Pre-2015 Rule.

The proposed Repeal Rule is the "first step" in a two-step process to repeal and replace the 2015 Rule. *See Definition of "Waters of the United States"—Recodification of Preexisting Rule*, 83 Fed. Reg. 32227 (July 12, 2018) (proposed "Repeal Rule"). It functions to return to the regime in place prior to the 2015 Rule. A proposed rule revising the definition of waters of the United States is the "second step." *See Revised Definition of "Waters of the United States,"* 84 Fed. Reg. 4154 (Feb. 14, 2019) (proposed "Revision Rule").

---

[1]    The Edison Electric Institute and Utility Water Act Group each represent the interests of entities that have a significant interest in the waste treatment system exclusion and the disposition of these motions. Each has therefore contributed substantive and financial assistance to the intervenors in the preparation of this brief.

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

1

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1 Due in part to numerous legal challenges that cast the legality of the 2015 Rule into serious

2 doubt and have resulted in the 2015 Rule being preliminarily enjoined in more than half of the

3 States and held unlawful under the APA by one district court, the agencies concluded based on

4 their "substantial experience" that "clarity, predictability, and consistency" are best served by

5 repealing the 2015 Rule. 83 Fed. Reg. at 32249. Thus, the Repeal Rule as proposed will rescind

6 the 2015 Rule and reinstate the regulatory definition of WOTUS that existed prior to the 2015

7 Rule. *Id.* at 32239-40. That pre-2015 regulatory scheme is the *same* regime that currently

8 governs in the 27 States in which the 2015 Rule is enjoined, the *same* regime that was in place

9 nationwide while the Sixth Circuit's stay of the Rule was in place from October 9, 2015 until

10 February 23, 2018, and the *same* regime that was again in place between the promulgation of the

11 Applicability Date Rule on February 6, 2018 and the District of South Carolina's vacatur of that

12 rule on August 16, 2018. *S. C. Coastal Conserv. League v. Pruitt*, 2018 WL 3933811 (D.S.C.

13 2018). In short, the 2015 Rule not only will shortly be repealed and replaced, but also as a result

14 of regulatory and judicial action has rarely been in effect.

15 With respect to the WTS exclusion specifically, the proposed Repeal Rule (and resulting pre-

16 2015 rule) imposes **no substantive change whatsoever**. A return to the pre-2015 regime would

17 continue current practice with regard to the WTS exclusion—the same practice that has been in

18 place for decades under the pre-2015 regime *and* the 2015 Rule. The regulatory text would

19 continue to explain, as it has for decades, that waste treatment systems are not WOTUS and that

20 the language limiting the scope of the exclusion to manmade bodies of water that were not

21 created in WOTUS or from an impoundment of WOTUS is suspended. *See* 48 Fed. Reg. 14153,

22 14157 (Apr. 1, 1983); 40 C.F.R. 122.2 (1986) (containing the definition of "WOTUS" that

23 remained essentially the same from 1986 to the 2015 Rule); 80 Fed. Reg. 37504, 37059, 37073,

24 37114 (June 29, 2015) (making only "ministerial changes for purposes of clarity" and "mak[ing]

25 no substantive change to the existing exclusion for waste treatment systems"); Dkt. 72, at 4-10

26 (describing history of the exclusion). Any purported difference between the 2015 Rule and the

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

2

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

pre-2015 regime regarding the WTS exclusion amounts to ministerial trivialities—not substance.

**2.      Impact of the Recodification of the Pre-2015 Rule on the Statute of Limitations.**

Because the WTS exclusion has not changed in substance for decades, Plaintiffs' challenge to it is untimely. *See* Dkt. 72, at 16-18. The 2015 Rule's mere continuation of the exclusion did not "reopen" its substance to challenge: the re-opener doctrine restarts the statute of limitations only when agencies create a renewed opportunity for comment and objection, not when agencies state that they are not reconsidering a rule's substance and in fact do not reconsider it, as happened here. *See* Dkt. 72, at 16-17.

The ministerial changes in the 2015 rulemaking related to the WTS exclusion were not the sort of "serious, substantive reconsideration" of the exclusion necessary to restart the statute of limitations. *Nat'l Mining Ass'n v. DOI*, 70 F.3d 1345, 1352 (D.C. Cir. 1995). And even if this Court determined that the Plaintiffs could timely challenge the *ministerial* changes in the 2015 Rule, they would have no standing. They were not harmed by the simultaneous lifting and reinstating of a suspension which in effect simply continued the same, decades-old suspension unchanged. Dkt. 72, at 12-14.

The proposed reinstatement of the pre-2015 regime through the Repeal Rule would not change that conclusion. The Repeal Rule is beyond the scope of Plaintiffs' challenge to the 2015 Rule—it is a separate, subsequent administrative act that does not bear on the relevant question of whether the agencies' acts in the 2015 rulemaking re-opened for challenge the scope of the WTS exclusion, thereby making Plaintiffs' challenge timely when filed. And while beyond the scope of the challenge before this Court now, simply re-codifying the pre-2015 regime in full would not reopen the statute of limitations for a challenge to the pre-existing WTS exclusion. *See Am. Rd. & Transp. Builders Ass'n v. E.P.A.*, 588 F.3d 1109, 1114-15 (D.C. Cir. 2009) (republication of rules "in full" did not reopen challenge). The proposed recodification involves no reconsideration of the substance of the WTS exclusion, and the text of the exclusion continues

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

3

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300   FAX 206.493.2310

to remain substantively unchanged. When applying the re-opener doctrine, courts look for far more, such as an agency's solicitation of comments regarding a regulatory section's substance and response to any such comments. *See Sierra Club v. EPA*, 551 F.3d 1019, 1024 (D.C. Cir. 2008); *Nat'l Mining Ass'n*, 70 F.3d at 1352. And even beyond the fact that whether the proposed Repeal Rule would re-open the scope of the WTS exclusion is not relevant here (and patently would *not* re-open it), it is a waste of judicial resources to determine whether the proposed Repeal Rule would re-open the scope of the WTS exclusion prior to the culmination of the rulemaking. As with any rulemaking, the form of a final rule will contain information relevant to the reopener analysis.

These considerations further confirm the benefits, in terms of judicial and party resources as well as the materiality of the Court's rulings, of staying the current case. The challenged 2015 Rule will shortly be repealed and then replaced—actions that will be supported by their own regulatory records. The 2015 Rule, and the administrative record behind it, will at that point be irrelevant to the scope of the WTS exclusion.

### 3. The Impact of Proposed Rules on the Current Litigation.

Once finalized, the Repeal Rule will render moot Plaintiffs' challenge to the WTS exclusion in the 2015 Rule, which is the *only* portion of the 2015 Rule subject to the pending summary judgment motions. The Revision Rule will render Plaintiffs' challenge doubly-moot.

A claim becomes moot when it no longer presents an "actual, ongoing controvers[y]," but "events have so transpired that [a] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Nat'l Black Police Ass'n v. D.C.*, 108 F. 3d 346, 349 (D.C. Cir. 1997). While a defendant's voluntary cession of a challenged act does not moot a case unless there is "no reasonable expectation" that the violation will recur (*id.* at 349), this is not a case of voluntary cession of challenged conduct: it is a case of defendants' affirmative action addressing the basis for the lawsuit. *See, e.g., Nat. Res. Def. Council, Inc. v. U. S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814, n.8 (D.C. Cir. 1982)

1    (distinguishing between affirmative agency action and voluntary cessation of challenged

2    conduct). And even if treated as a voluntary cessation, once the Repeal Rule is passed, the 2015

3    Rule will no longer impact the parties' rights. Rather, the Repeal Rule will have re-instated the

4    pre-2015 regime, which will then dictate the scope of the WTS exclusion. Further, when the

5    Revision Rule is finalized, the administrative record underlying the 2015 Rule will become

6    doubly-irrelevant. Each of the new rules will be based on its own administrative record. Once

7    final, these pending administrative actions would become the only actions that impact the

8    parties' rights, and thus the only actions presenting a controversy ripe for judicial review.

9        Under the mootness analysis, a court considers each claim in turn. *Coal. of Airline Pilots*

10   *Ass'ns v. F.A.A.*, 370 F.3d 1184, 1189 (D.C. Cir. 2004). In their WTS exclusion challenge to the

11   2015 Rule, Plaintiffs make the following claims: (1) the WTS exclusion is beyond the agencies'

12   statutory authority because it excludes from the definition of "WOTUS" waters that must be

13   covered (Dkt. 67, at 5-6); (2) permanent adoption of the WTS exclusion is arbitrary and

14   capricious because (a) it is contrary to other statements in the 2015 rulemaking record regarding

15   the treatment of impoundments (*id.* at 7-8), and (b) the agencies did not adequately explain either

16   a purported "shift" from their 1980 position or the scientific basis for the exclusion in the 2015

17   record (*id.* at 8-9); and (3) the 2015 Rule is "procedurally defective" (*id.* at 9-10).

18       The latter two arguments are unambiguously tethered to the 2015 administrative record.

19   Plaintiffs' assertions that the 2015 Rule is arbitrary and capricious depend wholly on the parts of

20   the record they claim are not adequately explained.[2] Resolving whether the agencies provided

21   reasoned explanations for their decisions concerning the WTS exclusion in the 2015 Rule would

22   not impact the parties' rights after issuance of the Revision or Repeal Rules moot the 2015 Rule,

23   rendering a decision in this case wholly advisory. The same is true of the allegation that the

24   _____

25   [2] While Plaintiffs attempt to cast this challenge as one grounded in an analysis under *Chevron, U.S.A., Inc., v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), that attempt fails, as the challenge is not based on the statutory text but is instead tied solely to the APA and the rulemaking record.

26

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

5

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300   FAX 206.493.2310

1    agencies failed to follow notice and comment rulemaking procedures. Whether the agencies

2    followed correct procedures in promulgating the 2015 Rule will become irrelevant once either of

3    the new rules is finalized. *See Nat. Res. Def. Council, Inc.*, 680 F.2d at 813-14 (re-promulgation

4    of rule pursuant to notice and comment mooted procedural challenge).

5        Both the Repeal and Revision rules will also moot Plaintiffs' claim that the WTS exclusion

6    in the 2015 Rule exceeds the agencies' statutory authority. First, the expected revisions to the

7    WTS exclusion in the Revision Rule will render a decision regarding the 2015 Rule "merely

8    advisory." *Nat'l Min. Ass'n v. DOI*, 251 F.3d 1007, 1011 (D.C. Cir. 2001). Second, that

9    conclusion holds true even if the challenged substance of the exclusion remains intact: any

10   statutory challenge to the WTS exclusion after a new rulemaking is finalized must be based on

11   the text and record in that rule, not the record of the 2015 Rule.[3] Thus, both the Repeal and

12   Revision Rules will both "irrevocably eradicat[e]" Plaintiffs' statutory challenge. *See Coal. of

13   Airline Pilots Associations*, 370 F.3d at 1190-91 (constitutional vagueness and over-breadth

14   challenges mooted when pending notice and comment rulemaking procedure would allow

15   agency to make clarifications). Because they are not yet final, how the new rules will address the

16   WTS exclusion remains to be seen. But whatever they provide about the WTS, it will rest on a

17   new administrative record. The record for the 2015 Rule will no longer be relevant to the

18   propriety of the exclusion.

19       Finally, it is hard to take Plaintiffs' statutory claim seriously in the first place, because the

20   only arguable "harm" Plaintiffs allege in their summary judgment motion will be corrected

21   through new notice and comment rulemaking. Specifically, Plaintiffs allege that they were

22   deprived of the opportunity for notice and comment prior to what they describe as the

23   "permanent" codification of the scope of the WTS exclusion in the 2015 Rule. Plaintiffs

24

---

25   [3]   It is Intervenors' position that the Plaintiffs do not and cannot bring a timely challenge to the WTS
     exclusion in the context of the Repeal Rule, if finalized as proposed, which simply continues the same decades-long
26   WTS exclusion. *Supra*, at 3-4.

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

6

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

themselves admit that "the harm to Plaintiffs in this case stems from the Agencies' refusal to take public comment." Dkt. 67, at 15; *Consolidated Permit Regulations*, 45 Fed. Reg. 48620, 48620 (July 21, 1980) (suspending the months-old limiting language). Once the revision rulemaking is finalized, that purported harm will have been corrected: the agencies *will* have provided Plaintiffs this notice and comment opportunity. And even if that opportunity for comment was potentially insufficient, Plaintiffs would have to bring a challenge against the new rulemaking. No harm will remain for this Court to address.[4]

### 4. This Court May Stay this Litigation Pending Final Repeal and Revision Rules.

Whether to stay proceedings pending issuance of a final Repeal or Revision Rule is a matter firmly within the Court's discretion: "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In determining whether to stay litigation, courts weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These factors favor this Court's issuance of a stay.

Granting a stay will not harm the parties or the public. Plaintiffs challenge the "permanent" codification absent notice and comment of an exclusion that has been in place for decades. A stay that keeps in place what has consistently been in place decades pending a shortly anticipated rulemaking in which notice and comment has been provided imposes no harm on the parties or

---

[4] This Court also asked about the effect of the forthcoming rules on this action in its entirety. Plaintiffs do assert in their Amended Complaint that the 2015 Rule's exclusion of "'[w]aters being used for establishing normal farming, ranching, and silviculture activities'" from the definition of "adjacent," and "narrow" application of a case-specific test to determine waters that qualify as jurisdictional under a "significant nexus" standard exceeds the agencies' authority under the CWA. Dkt. 33, ¶¶ 72, 75. But they have never briefed those claims. Also not briefed, Plaintiffs claim that several other provisions in the 2015 Rule were arbitrary and capricious. *Id.* at ¶¶ 76, 79. These claims, like those against the WTS exclusion, are tied to the 2015 administrative record that will soon be replaced. The Court should not hold open the case for unbriefed, undeveloped challenges that Plaintiffs have failed to address and that are likely to be mooted.

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

7

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1   the public, particularly where, as here, a final rule is expected to be promulgated before the Court
2   will be able to resolve the pending motions. Further, as the Intervenors have previously shown,
3   Plaintiffs have not experienced any cognizable harm from an exclusion that functions to *prevent*
4   pollution to WOTUS. *See* Dkt. 72, at 2-3, 12-14.

5       By contrast, resolving this case would involve a significant waste of judicial resources. New
6   rulemakings will imminently moot this litigation, making this Court's expenditure of time and
7   effort to address a soon-to-be superseded administrative record futile. A ruling will resolve
8   nothing as to the new rules. Perseveration of judicial time and effort therefore weighs heavily in
9   favor of granting a stay. There is no need for this Court to rule on a procedural challenge tied to
10  an administrative record of a Rule soon to be displaced.

11                                      **CONCLUSION**

12      Plaintiffs do not have standing and their challenge is not timely, and this Court could
13  therefore deny Plaintiffs' motion for summary judgment, and grant Intervenors' motion, on those
14  grounds. Alternatively, to preserve judicial and party resources, this Court could stay this
15  litigation pending the agencies' issuance of a final Repeal or Revision Rule.

16
17
18
19
20
21
22
23
24
25
26

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

8

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1    Dated this 9th day of August, 2019.

2                          TUPPER MACK WELLS PLLC

3                          /s/ James A. Tupper, Jr.
                           James A. Tupper, Jr., WSBA No. 16873
4                          2025 First Avenue, Suite 1100
                           Seattle, WA 98121
5                          (206) 493-2300
                           tupper@tmw-law.com
6
                           /s/ Lynne M. Cohee
7                          Lynne M. Cohee, WSBA No. 18496
                           2025 First Avenue, Suite 1100
8                          Seattle, WA 98121
                           (206) 493-2300
9                          cohee@tmw-law.com

10                         MAYER BROWN LLP

11                         s/ Timothy S. Bishop
                           Timothy S. Bishop*
12                         1999 K Street NW
                           Washington, DC  20006
13                         (202) 263-3000
                           tbishop@mayerbrown.com
14

15                         *Attorneys for Intervenors-Defendants*
                           *Pro hac vice
16

17

18

19

20

21

22

23

24

25

26

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

1      CERTIFICATE OF SERVICE

2              I hereby certify that on this date, I filed and thereby caused the foregoing document to

3      be served via the CM/ECF system in the United States District Court of the Western District of

4      Washington on all parties registered for CM/ECF in the above-captioned matter.

5              Dated at Seattle, Washington, this 9th day of August, 2019.

6

7                                  _/s/_ James A. Tupper, Jr.
                                   James A. Tupper, Jr., WSBA No. 16873

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INTERVENORS' RESPONSE TO THE
COURT'S ORDER FOR ADDITIONAL
BRIEFING CASE NO. 2:15-CV-01342-JCC

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310