The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, SIERRA CLUB, and IDAHO CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, and R.D. JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works,<br><br>Defendants. | Case No. 2:15-cv-01342-JCC<br><br>FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO ORDER OF JULY 24, 2019 |

Federal Defendants submit this brief to address four questions posed by the Court in its Order of July 24, 2019 (ECF No. 88). In sum, should the agencies finalize the proposed repeal of the 2015 rule, that repeal rule does not change this Court's analysis of the statute of limitations applicable to Plaintiffs' challenge. The language of the Code of Federal Regulations that Plaintiffs challenge from the definition of waters of the United States has not changed since 1982. The 2015 rule expressly did not revisit or modify this waste treatment system exclusion. The only impact on the regulatory text from the 2015 rule was the ministerial removal of a cross-reference to a legally defunct provision. Similarly, the only impact to Code of Federal Regulations from the repeal of the 2015 rule will be the formalistic reinsertion of a legally defunct provision. Plaintiffs are not challenging this provision. So its return is irrelevant to the statute of limitations applicable to Plaintiffs' claim. Instead, a six-year statute of limitations applies to the Plaintiffs' challenge of the exclusion—a deadline that Plaintiffs missed by decades. Because Plaintiffs' claims are untimely, this case should be dismissed.

## I. The Proposed Rule Rescinding the 2015 Rule Would Recodify the 1980s Regulations.

In this case, Plaintiffs challenge a 2015 regulation that revised certain regulatory provisions relating to definition of "waters of the United States" under the Clean Water Act. In early 2017, the President issued an Executive Order directing the Environmental Protection Agency and Department of the Army ("the Agencies") to reconsider the 2015 Rule and to publish for notice and comment a proposed rule rescinding or revising the 2015 Rule, as appropriate and consistent with law. 82 Fed. Reg. 12,497 (Feb. 28, 2017). Consistent with the President's directive, the Agencies initiated their review of the 2015 Rule. In July 2017, they published a proposal to rescind the changes made through the 2015 Rule. *See* "Definition of

Federal Defendants' Supplemental Briefing

1

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

'Waters of the United States'—Recodification of Pre-Existing Rules." 82 Fed. Reg. 34,899 (July 27, 2017). If finalized, this proposal would recodify the prior regulatory provisions defining "waters of the United States," promulgated by the Agencies in the late 1980s. The Agencies sought additional comment on the proposed rescission of the 2015 Rule changes through a supplemental notice of proposed rulemaking. 83 Fed. Reg. 32,227 (July 12, 2018).

As explained in the proposal and supplemental notice, the Proposed Repeal Rule would rescind the changes made by the 2015 Rule and "re-codify the exact same regulatory text that existed prior to the 2015 rule." 82 Fed. Reg. at 34,900; *see also* 83 Fed. Reg. at 32,227. The Proposed Repeal Rule would restore "those portions of 33 CFR part 328 and 40 CFR parts 110, 112, 116, 117, 122, 230, 232, 300, 302, and 401 as they existed immediately prior to the 2015 Rule's amendments." 83 Fed. Reg. at 32,249.

Under the Proposed Repeal Rule, the waste treatment system exclusion – the only aspect of the 2015 Rule challenged in this case – would continue to remain substantively unchanged. Indeed, it would appear entirely as it had prior to the 2015 Rule, including the outdated cross-reference that the Agencies removed in the 2015 Rule. Separate, but substantially similar, definitions would remain in the Army's chapter 33 and EPA's chapter 40 regulations. Title 33 C.F.R. Section 328.3 would provide, "Waste treatment systems, including treatment ponds or lagoons designed to meet the requirements of CWA (other than cooling ponds as defined in 40 C.F.R. § 423.11(m) which also meet the criteria of this definition) are not waters of the United States." *See* 82 Fed. Reg. at 34,904. And 40 C.F.R. § 122.2 would provide, "Waste treatment systems, including treatment ponds or lagoons designed to meet the requirements of CWA (other than cooling ponds as defined in 40 C.F.R. 423.11(m) which also meet the criteria of this

Federal Defendants' Supplemental Briefing

2

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

definition) meeting are not waters of the United States. This exclusion applies only to manmade bodies of water which neither were originally created in waters of the United States (such as disposal area in wetlands) nor resulted from the impoundment of waters of the United States. [See Note 1 of this section.],'' with "Note: At 45 Fed. Reg. 48620, July 21, 1980, the Environmental Protection Agency suspended until further notice in § 122.2, the last sentence, beginning 'This exclusion applies . . .' in the definition of 'Waters of the United States.' This revision continues that suspension." *See id*. at 34,907. EPA's 1980 suspension of the additional language preferred by Plaintiffs would remain in effect under the Proposed Repeal Rule, just as it had remained in effect under the 1982 and 1986 regulations and the 2015 Rule.

In terms of the status of the rulemaking process, the public comment period closed on the Proposed Repeal Rule on August 13, 2018. On July 12, 2019, the Agencies submitted a draft final Rule to the Office of Management and Budget for purposes of inter-agency review, which is typically one of the final steps in the rulemaking process before an agency issues a final regulation.

**II.  If Finalized as Proposed, the Proposed Repeal Rule Would Not Restart the Statute of Limitations to Challenge the Waste Treatment System Exclusion.**

Although the rulemaking process is still ongoing and the Agencies cannot now state what the final Repeal Rule will be, if they were to repeal the 2015 Rule and recodify the pre-2015 waste treatment system exclusion, that action would *not* reset the statute of limitation to challenge the exclusion. That is because there would be no substantive change to the exclusion that could reopen it to challenge (and indeed, there have been no such changes since 1982).

Federal Defendants' Supplemental Briefing

3

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

As previously explained, the exclusion has been in the books for decades. *See* U.S. Br., ECF No. 79, at 3-5, 15-16; U.S. Reply, ECF No. 87 at 7-8. Here is the 1980 version of the exclusion in EPA's regulations (with the clauses numbered for easy reference):

> [1] Waste treatment systems, including treatment ponds or lagoons designed to meet the requirements of CWA [2] (other than cooling ponds as defined in 40 C.F.R. § 423.11(m) which also meet the criteria of this definition) [3] are not waters of the United States. [4] This exclusion applies only to manmade bodies of water which neither were originally created in waters of the United States (such as a disposal area in wetlands) nor resulted from the impoundment of waters of the United States."

45 Fed. Reg. 33,290, 33,424 (May 19, 1980) (amending 40 C.F.R. § 122.2).

Plaintiffs challenge the removal of clause 4, which EPA suspended in 1980—nearly four decades ago. 45 Fed. Reg. 48,620 (July 21, 1980). Two years later, the Corps adopted its own version of the exclusion. 47 Fed. Reg. 31,794, 31,811 (July 22, 1982) (33 C.F.R. § 323.2); *see also* 51 Fed. Reg. 41,206, 41,249 (Nov. 13, 1986) (33 C.F.R. § 328.3).[1] The Corps' version, which omitted clause 4, was materially identical to EPA's version.[2]

Because Plaintiffs' challenge arises under the Administrative Procedure Act, the general six-year statute of limitation against the United States applies here. *Wind River Mining Corp. v.*

---

[1] In an earlier brief the Agencies stated that in 1986 the Corps published an updated definition of "waters of the United States" that contained the exclusion. U.S. Br., ECF No. 79, at 4; *see also* Regulatory Addendum, ECF No. 79-1. Although that is true, in 1982 the Corps had published an interim final rule that sets forth the exclusion. The existence of the 1982 exclusion, however, does not change the key point here, which is that the statute of limitation to challenge the exclusion expired decades ago. *See* U.S. Br., ECF No. 79, at 15-16.

[2] Initially, the Corps' exclusion erroneously cross-referenced 40 C.F.R. § 123.11(m) for the definition of cooling ponds. The Corps later corrected the error and cross-referenced 40 C.F.R. § 423.11(m), the same provision that EPA's exclusion cross-referenced. *See also* U.S. Br., ECF No. 79, at 5 (inadvertently noting that the cooling-pond definition was removed from 40 C.F.R. § 123.11(m); the correct provision is 40 C.F.R. § 423.11(m)).

Federal Defendants' Supplemental Briefing

4

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

*United States*, 946 F.2d 710, 712 (9th Cir. 1991); 28 U.S.C. § 2401(a). So the window to challenge the exclusion—including the removal of clause 4—had closed by 1988, six years after the Corps adopted its version of the exclusion without clause 4 in 1982.[3]

Meanwhile, clause 2 had lost its function. This clause says that cooling ponds defined by 40 C.F.R. § 423.11(m) fall outside the exclusion. But EPA removed Section 423.11(m)'s cooling-pond definition in 1982. 47 Fed. Reg. 52,290, 52,291, 52,305 (Nov. 19, 1982). Because clause 2 applied only to cooling ponds as defined in Section 423.11(m), once that definition was removed, no cooling pond could fall under clause 2's scope. So since 1982, in both EPA's and the Corps' exclusion provisions, clause 2 had been nothing more than a vestigial provision that has no use. Any challenge to the loss of clause 2's function should have been brought within six years and, at the latest, by 1988.

So decades later, on the eve of the 2015 Rule's promulgation, the exclusion consisted of clauses 1, 2, and 3. The 2015 Rule merely removed the vestigial clause 2 and renumbered the exclusion in the Code of Federal Regulations. U.S. Br., ECF. No. 79, at 5, 15-17. That was all. These are ministerial changes that neither reset the statute of limitation to challenge the exclusion nor otherwise reopened it to challenge. *Id.* at 15-17.

Should the forthcoming action on the Proposed Repeal Rule recodify the pre-2015 exclusion, the same conclusion would hold: Recodification would simply restore the vestigial clause 2 to the exclusion. Again, because clause 2 has no function—the repeal rule would *not* resurrect the defunct cooling-pond definition needed for clause 2 to have any effect—the change

---

[3] The deadline to challenge EPA's version of the exclusion—including the suspension of clause 4—had closed by 1986, six years after EPA adopted it in 1980.

Federal Defendants' Supplemental Briefing

5

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

would be a ministerial one. *See also* Appendix. And just as the 2015 Rule did not reset the long-expired statute of limitation by making ministerial changes, neither would a reversal of those changes.

**III.  Neither the Proposed Repeal Rule Nor the Proposed Revised Definition of "Waters of the United States" Would Allow Plaintiffs to Seek Relief of Any Kind in this Case.**

The Court has asked about the impacts of the Proposed Repeal Rule and the proposed revision of the "waters of the United States" definition on "(a) the lawsuit as a whole, and (b) Plaintiffs' pending summary judgment motion and requests for (i) declaratory relief and (ii) injunctive relief." ECF No. 88 at 5. As an initial matter, as the Agencies' summary judgment briefing explained, Plaintiffs' "lawsuit as a whole" and "pending summary judgment motion" are one and the same. This is because the Court has already ruled on Plaintiffs' challenge to the Applicability Date Rule, ECF No. 61, and Plaintiffs have abandoned their unreasonable delay action. *See* U.S. Br., ECF No. 79, at 24.

Below is the Agencies' position on the effect of future rulemaking on Plaintiffs' challenge to the disputed exclusion (assuming that the final rules are in line with the proposals).

**A.  The Proposed Repeal Rule, Whether or Not it is Finalized, Has No Impact on Plaintiffs' Challenge to the Waste Treatment System Exclusion.**

As noted above and in the Agencies' summary judgment briefing, the 2015 Rule did not reopen the longstanding exclusion for waste treatment systems. U.S. Br., ECF No. 79 at 15-17; U.S. Reply, ECF No. 87 at 7-8. So any repeal of the 2015 Rule would have no effect on Plaintiffs' challenge to the exclusion. And as Section II shows, recodification of the Agencies' prior regulations would not restart the statute of limitations on the exclusion. The particular regulatory provisions and text that Plaintiffs wish to challenge have been unchanged for decades.

Federal Defendants' Supplemental Briefing

6

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

### B. The Proposed Revised Definition of "Waters of the United States" Could Moot Plaintiffs' Challenge to the Waste Treatment System Exclusion.

The Agencies' proposed revised definition of "waters of the United States" retains the waste treatment system exclusion and proposes a definition of "waste treatment system" to clarify what waters and features make up that system (and are thus excluded from regulation). 84 Fed. Reg. at 4193. The Agencies have also again proposed a ministerial change to delete the pre-2015 cooling-pond cross-reference that no longer exists. *Id.* The proposal's comment period closed in April 2019. Final action on the proposal is expected by the end of this year. *See* Spring 2019 Unified Agenda of Regulatory and Deregulatory Actions, *available at* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=201904&RIN=2040-AF75. As the Court knows, Plaintiffs have submitted comments in that rulemaking process. ECF No. 88 at 5.

If finalized as proposed, the revised regulatory definition could, depending on the final action and its effect on future parties, moot Plaintiffs' challenge here. *See Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1198 (W.D. Wash. 2010) ("Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court 'should treat [the case] as moot for prudential reasons.'") (quoting *Ali v. Cangemi*, 419 F.3d 722 (8th Cir. 2005 (en banc) (internal citation omitted). Plaintiffs would then have full and fair opportunity to seek judicial review, in a new case, of any new waste treatment system exclusion.

Federal Defendants' Supplemental Briefing

7

Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
(415) 744-6473

IV. **This Court May Stay This Case Pending Final Action on the Proposed Rules.**

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Supreme Court has repeatedly held that federal courts may stay litigation where there are strong countervailing interests—such as "wise judicial administration"—against further proceedings. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citation omitted).

Whereas the Proposed Repeal Rule would not, if finalized, impact Plaintiffs' challenge to the disputed exclusion, the February 2019 proposal to further revise provisions of the "waters of the United States" definition, if finalized, could. Final action on the proposed revised definition would also give Plaintiffs opportunity to challenge any revisions that retain the disputed exclusion. Given the decades that Plaintiffs have waited to challenge the exclusion and the pace at which they have chosen to prosecute their case here, it would be an appropriate exercise of the Court's discretion to stay these proceedings in light of the ongoing rulemaking to revise the definition of "waters of the United States."

Respectfully submitted on August 9, 2019.

          JONATHAN D. BRIGHTBILL
          Principal Deputy Assistant Attorney General

          */s/ Simi Bhat*
          SIMI BHAT
          MARTHA MANN
          SUE CHEN
          DANIEL DERTKE
          ANDREW DOYLE
          United States Department of Justice
          Environmental Defense Section

Federal Defendants' Supplemental Briefing        Simi Bhat
301 Howard St. Ste. 1050
San Francisco, CA 94115
8        (415) 744-6473

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

301 Howard St., Ste. 1050
San Francisco, CA 94115
Tel.: (415) 744-6473
simi.bhat@usdoj.gov